IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff

vs.                                                        No. 1:16-CR-2009-MCA

XAVIOR AKINA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendant Xavior Akina's (Defendant's) *Motion to Dismiss Count 3* filed August 8, 2016. [Doc. 17] The United States filed a *Response* on August 19, 2016. [Doc. 22] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **DENIES** Defendant's *Motion*.

### I. BACKGROUND

Defendant is charged with two counts of violation of the "Hobbs Act robbery," which prohibits the obstruction or delay of commerce by robbery or extortion. [Doc. 2] 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce . . . , by robbery or extortion . . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."). "Robbery" is defined as

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

In addition, Count 3 of the indictment charged Defendant with

knowingly us[ing], carry[ing], and brandish[ing] a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, robbery as charged in Counts 1 and 2 of this indictment, and in furtherance of such crime, possessed, and brandished said firearm.

In violation of 18 U.S.C. § 924(c).

[Doc. 2]

Section 924(c) provides for additional punishment when a firearm is possessed or brandished during a "crime of violence." A "crime of violence" is one that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The parties refer to § 924(c)(3)(A) as the "force clause" and § 924(c)(3)(B) as the "residual clause." [Doc. 17, pg. 3; Doc. 22, pg. 5, 8] Defendant argues that Count 3 must be dismissed because (1) Hobbs Act robbery is not a crime of violence falling within the ambit of the force clause, and (2) the residual clause is

unconstitutionally vague under *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015).

"Whether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law." *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014). "The answer requires examination of the legal elements of the crime, not an exploration of the underlying facts." *Id.* Thus, the questions presented by Defendant's arguments are entirely legal and no evidentiary hearing on Defendant's motion is necessary. In addition, the United States' contention that relief under Fed. R. Crim. P. 12(b)(3)(B)(v) (failure to state an offense) is improper because Defendant's arguments "cannot be resolved without a trial" is unavailing. [Doc. 22, pg. 3-4] *See United States v. Pope*, 613 F.3d 1255, 1260 (2010) (stating that even where a pre-trial motion implicates facts relevant to guilt or innocence, a trial is not necessary where the motion "focuses solely on the facts alleged in the indictment and their legal adequacy.").

## II. DISCUSSION

Defendant makes two arguments. First, that Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) and, second, that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague and thus cannot be the basis for the charge in Count 3.

### *Hobbs Act Robbery is a "Crime of Violence" under the Force Clause, § 924(c)(3)(A)*

As a preliminary matter, the Court notes that many courts considering the issue, including the arguments raised by Defendant, have held that Hobbs Act robbery is a

crime of violence under § 924(c)(3).  *See, e.g., United States v. Clarke*, 171 F. Supp. 3d 449, 2016 WL 1110306 * 3 n. 4 (D. Md. 2016) (collecting cases); *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016) (concluding that Hobbs Act robbery is a crime of violence and rejecting arguments similar to those here).

Defendant argues that robbery under Section 1951(b) is not a crime of violence because it can be violated without the use of violent physical force and without an intentional threat of violent physical force.  [Doc. 17, pg. 4]  District courts have taken three different approaches to such arguments.  Some have analyzed whether Hobbs Act robbery is a "crime of violence" using the "categorical approach," while others have employed the "modified categorical approach."  *See, e.g.*, *United States v. Melgar–Cabrera,* No. CR 09–2962 WJ, 2015 U.S. Dist. LEXIS 145226, at *4–11 (D.N.M. Aug. 24, 2015) (unpublished, on appeal) [Ct. of App. Dkt. No. 16-2018]; *United States v. Evans*, No. 5:15-CR-57-H, 2015 WL 6673182, at *3 (E.D.N.C. Oct. 20, 2015).  Under the categorical approach, the Court looks only at the relevant statutory definitions, and "consider[s] whether the elements of [Hobbs Act robbery] are of the type that would justify its inclusion . . . [as a crime of violence], without inquiring into the specific conduct of this particular offender." *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009) (second alteration in original, internal quotation marks and citation omitted).  Under the modified categorical approach, a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

In the context of pre-trial motions, some courts have rejected both of these techniques in favor of presenting the question to the jury. *See, e.g.*, *United States v. Checora*, 155 F. Supp. 3d 1192, 1195 (D. Utah 2015) (collecting cases); *United States v. Castillo*, No. Cr. 15-0205 JH, slip op. at 7 n. 2 (D.N.M. May 2, 2016) (noting that several courts have questioned the use of the categorical approach in the pre-trial context). A number of district courts that have raised questions about the applicability of the categorical approach to pre-trial motions have nevertheless gone on to use that approach to determine whether Hobbs Act robbery is a crime of violence. *See, e.g.*, *Checora*, 155 F. Supp. 3d at 1196; *Castillo*, No. Cr. 15-0205 JH, slip op. at 7 n. 2 (D.N.M. May 2, 2016).

The Court of Appeals for the Tenth Circuit applied the categorical approach in *Serafin*, but has not addressed whether the categorical approach applies to pre-trial motions to dismiss. *Serafin*, 562 F.3d at 1107; *see Checora*, 155 F. Supp. 3d at 1196 (observing that the Tenth Circuit has not yet addressed the categorical approach application to pre-trial motions). In *Serafin*, the defendant pled guilty to possession of an unregistered weapon contrary to the National Firearms Act. *Serafin*, 562 F.3d at 1106-07. He was found guilty by a jury of a second charge—possession of a firearm in furtherance of a crime of violence, to wit, possession of an unregistered weapon. *Id.* at 1107. On appeal, the Court of Appeals addressed whether the district court properly determined "that possession of an unregistered weapon . . . constituted a crime of violence." *Id.* Using the categorical approach, it concluded that the district court erred in so instructing the jury. *Id.* at 1115-16.

Defendant argues that the Court should apply a categorical approach. [Doc. 17, pg. 4] The United States does not explicitly address which analytical framework applies. Neither party addresses whether the categorical approach applies to pre-trial motions to dismiss.

The Court will apply the modified categorical approach because 18 U.S.C. § 1951(a) is divisible into at least two crimes: (1) interference with commerce by robbery or (2) interference with commerce by extortion. *See Evans*, 2015 WL 6673182, at *3 ("The Hobbs Act as provided in 18 U.S.C. § 1951 is a divisible statute because multiple versions of the crime are set forth in the statute as alternative elements of offense."). Because of this divisibility, the Court may look at the indictment to determine which crime is charged. *See Mathis*, 136 S. Ct. at 2249 ("Under th[e modified categorical] approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.").

Here, Defendant was charged with two counts of obstructing commerce by robbery. [Doc. 1] While the definition of robbery sets out multiple ways robbery may be committed ("by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession"), these alternatives "enumerate[] various factual means of committing a single element." *Id.* Thus, the alternative methods of committing robbery do not render the statute further divisible. *See Evans*, 2015 WL 6673182, at *2 ("a statute that provides only for alternative *means* of committing the offense, as opposed to alternative *elements,* is

indivisible"). Consequently, for purposes of the analysis here, the Court will not consider the means Defendant is alleged to have employed in committing robbery.

Applying the modified categorical approach, our task is to compare the elements of Hobbs Act robbery to the definition of a "crime of violence" to see if the most innocent conduct covered by robbery fits within the "crime of violence" definition. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (stating that under the categorical approach, the Court examines "the least of the acts criminalized"). Defendant makes three arguments for why robbery does not fit within this definition.

Defendant first argues that Hobbs Act robbery is not a crime of violence because it can be committed by putting someone in "fear of injury," which could be accomplished without the "use, attempted use, or threatened use of physical force," as required to be a crime of violence. [Doc. 17, pg. 5] Relying on *Johnson v. United States* (*Johnson I*), 559 U.S. 133 (2010), Defendant equates "physical force" with "violent force" [Doc. 17, pg. 4] and maintains that robbery might be accomplished by inducing "fear of injury" through "threatening to poison [the victim], to expose [the victim] to hazardous chemicals, to place a barrier in front of [the victim's] car, [or] to lock the [victim] up in the car on a hot day." [Doc. 17, pg. 7]

The Court is not convinced that Johnson's definition of "physical force" as "violent force" governs here. In *Johnson*, the United States Supreme Court considered whether a battery that may be committed by the slightest intentional contact qualified as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i). 559 U.S. at 138-143. The Supreme Court concluded that it did not, stating that "in the context of a statutory definition of

'*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id. at* 140.  Under *United States v. Castleman*, however, the Supreme Court held that "'physical force' is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force" and that "the common-law concept of 'force' encompasses even its indirect application."  134 S. Ct. 1405, 1414–15 (2014) (internal quotation marks and citation omitted); *see Hill*, 832 F.3d at 141–42 (stating that the *Johnson* holding "did *not . . .* require that a particular quantum of force be employed or threatened to satisfy its physical force requirement).  It went on, "It is impossible to cause bodily injury without applying force in the common-law sense."  134 S. Ct. 1405, 1414–15.  Finally, it held that "the knowing or intentional application of force is a 'use' of force." *Id*. at 1415.  For instance, in a poisoning scenario, "[t]he 'use of force' . . . is not the act of 'sprinkling' the poison; it is the act of employing poison knowingly as a device to cause physical harm." *Id*. (alteration omitted).  Under *Castleman*'s reasoning, Defendant's scenarios—poisoning, exposure to chemicals, placement of a barrier, etc.—all involve the indirect use of "force exerted by and through concrete bodies" to induce fear of injury. *Id*. at 1414-15; *Hill*, 832 F.3d at 142 (stating that "threatening to throw paint on the victim's house, to spray paint his car, or, most colorfully, to 'pour[ ] chocolate syrup on his passport'" "do not fail to involve the use or threatened use of physical force").

Moreover, "[t]he phrase 'fear of injury,' . . . must be read in context with the other language in the statute."  *United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166, at *4 (E.D.N.C. Oct. 26, 2015).  "A commonsense approach dictates that

robbery by fear of injury requires, at minimum, the attempted or threatened use of force capable of causing physical pain or injury. Any other result would be contrary to the plain meaning and common understanding of the words." *Id*. (citing *Castleman*).

Defendant next argues that Hobbs Act robbery can be committed by inducing fear of injury to property, including intangible property, by "caus[ing] a devaluation of some economic interest like a stock holding" which is "certainly not [a] threat of 'violent force.'" [Doc. 17, pg. 8] This argument is unavailing. First, the cases cited by Defendant address Hobbs Act extortion, rather than Hobbs Act robbery. *United States v. Arena*, 180 F.3d 380, 391 (2d Cir. 1999); *United States v. Iozzi*, 420 F.2d 512, 515 (4th Cir. 1970); *United States v. Local 560 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers of Am. (Local 560)*, 780 F.2d 267, 280 (3d Cir. 1985). Second, in several of these cases the defendants used actual or threatened "physical force" and thus the analysis did not involve analysis of the "fear of injury" component. *See, e.g.*, *Arena*, 180 F.3d at 396 (stating that the defendants' acts of pouring butyric acid in medical facilities "constituted an actual use of force and violence within the meaning of the Hobbs Act"); *Iozzi*, 420 F.2d at 515 ("[O]btaining money through the fear of economic injury induced by threats of violence or force constitutes extortion under the Act."). Finally, both *Arena* and *Local 560* discuss intangible property in the context of the property extorted, not the property damaged. In *Arena*, the Second Circuit stated that the defendants took from the victims "the intangible right to conduct business free from threats of violence and physical harm." 180 F.3d at 393–94. In that case, that intangible property was taken through the victims' fear of injury to their buildings. *Id*. Similarly, in

*Local 560*, the Third Circuit addressed whether the Hobbs Act prohibited extortion of intangible property and held that a union membership's "intangible property right to democratic participation in the affairs of their union is properly considered extortable 'property' for purposes of the Hobbs Act." *Local 560*, 780 F.2d at 282. This makes sense in the context of extortion, where a key element is that some property is obtained from the victim *by consent* through use of actual force or threats. *See* 18 U.S.C. § 1951(b)(2) (defining extortion). In these cases, the intangible property at issue was taken through the use of fear of injury to another, different property or person. *See generally Hancock*, 168 F. Supp. 3d at 822–23 (discussing this argument and *Arena*, *Iozzi*, and *Local 560*).

Finally, relying on *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006), Defendant argues that robbery is not a crime of violence because "putting someone in fear of injury . . . does not require an intentional threat of physical force." [Doc. 17, pg. 9] In *Garcia*, the Fourth Circuit held that a state crime based on reckless conduct was not a crime of violence under 18 U.S.C. § 16(a)[1] because the state statute did not require "intentional employment of physical force against a person or thing." 455 F.3d at 468. Based on this premise, Defendant draws an analogy between "fear of injury" and intimidation under the federal bank robbery statute. [Doc. 17, pg. 9] Under that statute, "the intimidation element . . . is satisfied if an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts, whether or not

---

[1] 18 U.S.C. § 16(a) states that a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." This clause is identical to the "force clause" in § 924(c)(3)(A).

the defendant actually intended the intimidation." *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) (internal quotation marks and citation omitted). Defendant concludes that because the force clause requires intentional threat of physical force, but robbery's "fear of injury," like intimidation, does not, robbery cannot be a "crime of violence."

Defendant's argument flies in the face of the purpose of the Hobbs Act robbery statute: to prohibit the *taking* of property. The Court agrees with several district courts holding that the "fear of injury" prong must be considered in light of this purpose. *See Clarke*, 2016 WL 1110306 * 6 (D. Md. 2016) (stating that an argument similar to Defendant's "would again require the Court to view the act of causing fear in isolation, but the Hobbs Act requires more—namely, the concurrent act of a wrongful taking"). Given that wrongful taking is the conduct prohibited, it is difficult to "imagine a realistic scenario where a defendant could accidentally, negligently or even recklessly use the fear of injury to take property from another person against [his/her] will." *Hancock*, 168 F. Supp. 3d at 824; *see United States v. Walker*, No. 3:15CR49, 2016 WL 153088, at *6 (E.D. Va. Jan. 12, 2016) (stating that "the government must prove that the defendant *knew* that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating" and that "[i]n light of this, Hobbs Act robbery plainly involves a higher degree of culpability than accidental, negligent, or even reckless conduct"); *Merinord*, 2015 WL 6457166, at *4 (stating that "[t]he taking of personal property from another by fear of injury clearly entails a higher degree of intent than negligent, accidental, or reckless conduct" and that

"it simply is not possible to intentionally take someone's property by fear of injury without intending to create fear of injury"); *United States v. Standberry*, 139 F. Supp. 3d 734, 739 (E.D. Va. 2015) ("The argument envisions a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury.").

In sum, Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the force clause. Consequently, Defendant's *Motion* shall be denied.

*No Need to Address Whether the Residual Clause (§ 924(c)(3)(B)) is Unconstitutionally Vague*

Defendant also argues that Hobbs Act robbery is not a crime of violence under the residual clause—18 U.S.C. § 924(c)(3)(B)—because that clause is unconstitutionally vague under *Johnson II*, 135 S. Ct. 2551. [Doc. 17, pg. 11] Given the Court's conclusion that Hobbs Act robbery is a crime of violence under the force clause, there is no need to address this argument.

### III. CONCLUSION

For the reasons stated herein, Defendant's *Motion to Dismiss Count 3* [Doc. 17] is **DENIED**.

SO ORDERED this 17th day of April, 2017.

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE